Filed 4/30/13  P. v. Patterson CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D062345 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCE316443) |
| KIRK ANTHONY PATTERSON, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Herbert J. Exarhos, Judge.  Affirmed as modified and remanded with directions.

INTRODUCTION

This case arose when Kirk Anthony Patterson, a documented gang member with a substantial criminal history, assaulted his girlfriend in the parking lot outside of her apartment.  A jury found him guilty of inflicting corporal injury on a former cohabitant resulting in a traumatic condition (Pen. Code, § 273.5, subd. (a); undesignated statutory references will be to the Penal Code.)

At the sentencing hearing, the court suspended the imposition of sentence for three years and placed Patterson on three years of formal probation. However, as a condition of probation, the court imposed a 365-day jail term by committing Patterson to the custody of the San Diego County Sheriff's Department for that period of time, stayed the execution of the jail term "pending successful compl[etion] of probation," and gave him a total of 73 days of credit under section 4019 for time served in local presentence custody (consisting of 37 days of credit for time actually served plus 36 days of custody credit).

As an additional condition of probation, the court ordered Patterson to pay a total of $1,664 in fines, assessments, and fees—specifically, an $800 base fine, a $40 court operations assessment, a $30 criminal conviction assessment, a $154 criminal justice administration fee, a $400 domestic violence fund fee, and a $240 restitution fine. Of particular importance here, the court found that "[t]he [$800 base] fine is satisfied by his time in custody." Thus, as shown by the court's order granting probation, the court ordered Patterson to pay a total of $864 ($1,664 − $800 = $864).

Among other terms imposed as a condition of Patterson's probation, the court imposed (over a defense objection) various standard gang-related terms (discussed, *post*).

Patterson appeals, contending (1) the court abused its discretion when it imposed the gang-related terms as a condition of his probation because his current crime was not gang-related, the terms relate to conduct that is not in itself criminal, and they are not reasonably related to his future criminality; and (2) the fines and fees should be stricken from his probation order because all of the fines and fees were satisfied by his custody credits under section 2900.5, subdivision (a) (hereafter section 2900.5(a)).

We conclude the court properly imposed the gang-related terms as a condition of his probation. We also conclude Patterson had no excess presentence custody credits for purposes of section 2900.5(a) at the time of sentencing, and thus the court imposed an unauthorized sentence by applying Patterson's 73 days of presentence custody credit to satisfy his obligation to pay the imposed $800 base fine. Accordingly, we modify the court's probation order to reflect that Patterson is obligated to pay the full amount of the $1,664 in fines, fees, and assessments that the court imposed. In all other respects we affirm the judgment.

## FACTUAL BACKGROUND

On November 27, 2011, Patterson argued and fought with Precious Jones, a former girlfriend with whom he once lived, inside a car in a parking lot outside of the apartment building where Jones resided. During this fight, Patterson punched Jones in the face, causing her eye to bleed and resulting in a contusion and a swollen eye. Later that day, the police arrested Patterson, who was found hiding in the closet of a friend's apartment.

## DISCUSSION

### I. *GANG-RELATED TERMS OF PROBATION*

Patterson first contends the court abused its discretion when it imposed gang-related terms as a condition of his probation because his current crime was not gang-related, the terms relate to conduct that is not in itself criminal, and they are not reasonably related to his future criminality. This contention is unavailing.

3

A. *Background*

Patterson challenges the following five gang-related terms of his probation: (1) "Do not appear in court or at the courthouse unless you are a party or witness in the proceedings"; (2) "Do not associate with any person who you know, or who a PO [probation officer] or other law enforcement officer informs you, is a West Coast Crip gang member"; (3) "Do not knowingly visit/frequent any school grounds unless you are a student registered at the school"; (4) "Do not knowingly display any gang signs or gestures"; and (5) "Do not knowingly wear, display, use, or possess any insignias, photographs, emblems, badges, buttons, caps, hats, jackets, shoes, flags, scarves, bandanas, shirts, or other articles of clothing evidencing affiliation with/membership in the . . . gang."

At the sentencing hearing, defense counsel objected to these conditions, stating, "Your Honor, I would ask the court not to impose the gang conditions [i]n this case, on the grounds that they don't have any link with the crime of which [Patterson] stands convicted." Soon thereafter, the following exchange occurred between the court and Patterson's counsel:

> "[The Court]: [Counsel], what's wrong with the gang conditions? They're part of supervision. One says he's documented and he says he's not.
>
> "[Defense counsel]: I think the last time there was a reference that he was documented was in 2010 when the police interviewed him.
>
> "[The Court]: That was like two years ago.
>
> "[Defense counsel]: In terms of this particular crime, I don't know that there's any suggestion of gang.

4

"[The Court]: I don't think that's a requirement as long as he's on probation supervision. It's just like a Fourth [Amendment] waiver, [which] is not factually related to this case, but it's permitted as a condition of probation to facilitate supervision.

"[Defense counsel]: My only concern is that gang conditions can be quite onerous and can be—don't associate with people. The fact that he may be with someone who may be in a gang could cause him to end up in state prison for a violation. That's my basis for my objection.

"[The Court]: It requires knowledge. I'm satisfied with those conditions."

B. *Applicable Legal Principles*

Under section 1203.1, a court granting probation may impose "reasonable conditions, as it may determine are fitting and proper to the end that justice may be done, that amends may be made to society for the breach of the law, . . . and generally and specifically for the *reformation and rehabilitation* of the probationer . . . ." (§ 1203.1, subd. (j), italics added.)

A trial court's discretion in imposing conditions of probation, "although broad, nevertheless is not without limits: a condition of probation must serve a purpose specified in the statute." (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1121.) In addition, the California Supreme Court has "interpreted [] section 1203.1 to require that probation conditions which regulate conduct 'not itself criminal' be 'reasonably related to the crime of which the defendant was convicted or to *future criminality*.' " (*Ibid.*, italics added.)

"Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct

5

which is not in itself criminal, *and* (3) requires or forbids conduct which is *not reasonably related to future criminality*." ' " (*People v. Olguin* (2008) 45 Cal.4th 375, 379 (*Olguin*), italics added, quoting *People v. Lent* (1975) 15 Cal.3d 481, 486 (*Lent*).) "This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term." (*Olguin*, at p. 379.) Thus, "even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality." (*Id.* at p. 380.)

      1. *Standard of review*

      "We review conditions of probation for abuse of discretion." (*Olguin*, *supra*, 45 Cal.4th at p. 379.) A sentencing court abuses its discretion when its determination is arbitrary or capricious or exceeds the bounds of reason, all of the circumstances being considered. (*People v. Carbajal, supra,* 10 Cal.4th at p. 1121.)

      C. *Analysis*

      Here, both parties acknowledge, and we agree, that the challenged gang-related terms of Patterson's probation (discussed, *ante*) have no relationship to the crime of which he was convicted in this matter and relate to conduct which is not in itself criminal. As already noted, however, a term or condition of probation will be upheld as valid if it is reasonably related to preventing future criminality, even if it has no relationship to the crime of which the defendant was convicted and involves conduct that is not in itself criminal. (*Olguin*, *supra*, 45 Cal.4th at p. 380.) Thus, the issue presented is whether the five challenged gang-related terms require or forbid conduct that is reasonably related to

6

future criminality. (*Olguin*, at pp. 379-380.) If the terms are reasonably related to future criminality, we will uphold them. (*Ibid.*)

In his opening brief, Patterson minimizes the fact that, as shown by the probation officer's report, he was a documented, self-admitted member of the West Coast Crips criminal street gang as recently as late June 2010, and his gang moniker was "Lil Kirk." Patterson committed his current felony offense less than a year and a half later in November 2011. The probation officer's report also shows that Patterson has a criminal record dating back to 1997, including felony convictions of possessing drugs for sale and being a felon in possession of a firearm and that he has a poor performance record while on probation and parole.

Patterson complains he "is 33 years old and has not displayed an increasing pattern of criminality." However, he undoubtedly is aware that his latest felony offense went beyond felony possession of drugs and weapons; it involved an act of physical violence against a woman.

On the foregoing record, we conclude the challenged gang-related terms are reasonably related to the legitimate state interest in preventing Patterson from engaging in future criminality. Imposition and enforcement of these terms serve the purpose of promoting his rehabilitation while on probation by discouraging him from engaging in behaviors and activities that may lead him to associate or re-associate with members of the West Coast Crips, the criminal street gang to which he recently belonged.

## II. *SECTION 2900.5(a)*

Patterson also contends the $1,664 in fines and fees he was ordered to pay as a condition of his probation should be stricken from the probation order under section 2900.5(a) because his entire obligation to pay that amount was satisfied by his 73 days of presentence custody credit, which, at the minimum rate of $30 per day of credit (see § 2900.5(a)), he claims entitles him to a monetary credit of $2,190 (73 days × $30/day = $2,190) that exceeds the $1,664 financial obligation the court originally imposed on him. We reject this contention because the record shows he had no excess presentence custody credits for purposes of section 2900.5(a) at the time of sentencing. Accordingly, we also conclude the court's probation order must be modified to reflect that Patterson is obligated to pay the full amount of the $1,664 in fines, fees, and assessments the court properly imposed.

### A. *Section 2900.5(a)*

Section 2900.5(a) provides in pertinent part:

> "In all felony and misdemeanor convictions . . . when the defendant has been in custody, including . . . any time spent in a jail, . . . all days of custody of the defendant, including days served as a condition of probation in compliance with a court order, credited to the period of confinement pursuant to Section 4019, . . . shall be credited upon his or her *term of imprisonment*, or credited to any fine on a proportional basis, including, but not limited to, base fines and restitution fines, which may be imposed, at the rate of not less than thirty dollars ($30) per day . . . . In any case where the court has *imposed* both a . . . *jail term of imprisonment* and a fine, any days to be credited to the defendant shall first be applied to the *term of imprisonment imposed*, and thereafter the remaining days, if any, shall be applied to the fine on a proportional basis, including, but not limited to, base fines and restitution fines." (Italics added.)

8

Subdivision (c) of section 2900.5 (hereafter section 2900.5(c)) provides in pertinent part:

> "For the purposes of [section 2900.5(a)], '*term of imprisonment*' *includes any period of imprisonment imposed as a condition of probation* or otherwise ordered by a court in imposing or suspending the imposition of any sentence . . . ."[1]  (Italics added.)

As explained in *People v. McGarry* (2002) 96 Cal.App.4th 644, the monetary credit—calculated at the minimum statutory rate of $30 per day of credit (§ 2900.5(a))—resulting from excess presentence custody credit "must be used proportionally to reduce the base fine, penalty assessments and restitution fine rather than any one of these categories alone" (*id.* at p. 646) using a mathematical methodology set forth in that case.  Thus, "if the monetary credit does not eliminate all amounts due, the defendant still owes the remaining amount in each category."  (*Id.* at pp. 646, 648-650.)

B.  *Analysis*

Patterson claims that, under section 2900.5(a), "all of [his] fines and fees should be deemed satisfied by [his] custody credits."  In support of this claim, he asserts he "has 73 days of credit that can be applied to his fines."  Patterson acknowledges the court "imposed a [jail] sentence of 365 days," but states the court "then suspended the 365 day

---

1    Section 2900.5(c) provides in full:  "For the purposes of this section, 'term of imprisonment' includes any period of imprisonment imposed as a condition of probation or otherwise ordered by a court in imposing or suspending the imposition of any sentence, and also includes any term of imprisonment, including any period of imprisonment prior to release on parole and any period of imprisonment and parole, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency."

9

sentence with credit for 73 days."  Thus, he asserts, "it was not possible for the trial court to allocate [the] 73 days of custody [credit] towards the suspended 365 day sentence."

Patterson is essentially claiming that all of his 73 days of presentence custody credit are excess credits for purposes of section 2900.5(a) because, although the court imposed a 365-day jail sentence as a condition of his probation, the court stayed the execution of that imposed jail term; and, thus, all 73 days of custody credit must be used to satisfy his obligation to pay the $1,664 in fines, fees, and assessment that the court imposed.  Patterson is also claiming that, because the monetary value of those claimed 73 days of excess custody credit—at the statutory rate of $30 per day of credit—is $2,190, which exceeds his $1,664 financial obligation, this court should conclude that his entire financial obligation is satisfied under section 2900.5(a).

These claims are unavailing because, for purposes of section 2900.5(a), it is immaterial that the court stayed the execution of the 365-day jail term it imposed in this matter.  Our decision requires us to resolve an issue of statutory construction governed by well-established principles.  The California Supreme Court has explained that "[t]he objective of statutory construction is to determine the intent of the enacting body so that the law may receive the interpretation that best effectuates that intent.  [Citation.]  'We first examine the words themselves because the statutory language is generally the most reliable indicator of legislative intent.  [Citation.]  The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context.'  [Citation.]  If the plain, commonsense meaning of a statute's words is unambiguous, the plain meaning controls."  (*Fitch v. Select Products Co.* (2005) 36

Cal.4th 812, 818; see also *People v. Castenada* (2000) 23 Cal.4th 743, 746-747.) The interpretation of a statute presents a question of law subject to de novo review on appeal. (*Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1332; *People v. Wills* (2008) 160 Cal.App.4th 728, 736.)

Here, section 2900.5(a) plainly provides that "[i]n any case where the court has *imposed* both a . . . *jail term of imprisonment* and a fine," the defendant's presentence custody credits "shall first be applied to the *term of imprisonment imposed*, and thereafter the remaining days, if any, shall be applied to the fine on a proportional basis, including, but not limited to, base fines and restitution fines." (Italics added.) As already noted, section 2900.5(c) plainly provides that, for purposes of section 2900.5(a), "term of imprisonment" includes "any period of imprisonment *imposed* as a condition of probation." (Italics added.) Had the Legislature intended to do so, it easily could have defined "term of imprisonment" for purposes of section 2900.5(a) to include any period of imprisonment imposed as a condition of probation, *unless the execution of such period of imprisonment is stayed*.

Here, the record shows the court imposed a 365-day jail term as a condition of Patterson's probation, and Patterson was entitled to 73 days of presentence custody credit. As the number of Patterson's days of presentence custody credits did not exceed the 365 days of jail imprisonment imposed by the court, we conclude Patterson had no excess custody credits for purposes of section 2900.5(a) and, thus, none of his 73 days of custody credit could be used to satisfy any portion of the fees, fines, and assessments imposed by the court. We note that Patterson's criminal history shows he has a poor

11

performance record while on probation and parole.  If he violates the terms and condition

of his current probation, the court could lift the stay of execution on the remaining 292

days of the imposed 365-day term of jail imprisonment.

Our analysis, however, does not end here.  The court apparently

believed—erroneously—that Patterson's 73 days of presentence custody credit could be

used under section 2900.5(a) to satisfy his obligation to pay the $800 base fine that the

court imposed, as the record shows the court found the $800 base fine was "satisfied by

[Patterson's] time in custody."  The court's order granting probation shows the court

reduced Patterson's total financial obligation by $800 from $1,664 to $864.  By doing so,

the court imposed an unauthorized sentence.  Accordingly, the court's probation order

must be modified to reflect that Patterson is obligated to pay the full amount of the

$1,664 in fines, fees, and assessments that the court imposed.

## DISPOSITION

The portion of the July 9, 2012 order granting formal probation that orders

Patterson to pay a total of $864 in fees, fines, and assessments is modified to reflect

that he is ordered to pay a total of $1,664.  In all other respects, the order is

affirmed.  We remand the matter to the trial court with directions to correct that

probation order to reflect this modification and to forward a corrected abstract of

12

judgment to local custody officials and the Department of Corrections and Rehabilitation, as necessary.

NARES, Acting P. J.

WE CONCUR:

McDONALD, J.

AARON, J.