Filed 5/16/13  P. v. Mosbrucker CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H038545 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1088131) |
| v. | |
| LAURA LOUISE MOSBRUCKER, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Defendant Laura Louise Mosbrucker was convicted by plea of possession of methamphetamine for sale (Health & Saf. Code, § 11378) and possession of a firearm by a felon (former Pen. Code, § 12021, subd. (a)(1)).[1]  She was placed on probation with various terms and conditions.  After defendant violated her probation, the trial court sentenced her to 16 months in prison.  The court granted defendant 489 days of custody credits, and her 16-month prison sentence was deemed served.  Defendant was also ordered to pay a $200 parole revocation restitution fine pursuant to former section 1202.45 (now § 1202.45, subd. (a)).

On appeal, defendant contends that her 489 days of custody credits exceeded her 16-month prison sentence by four days, and that pursuant to section 2900.5,

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

subdivision (a) (hereafter section 2900.5(a)), the trial court should have given her a monetary credit of at least $30 per day for each of those four days toward the $200 fine.

We determine that a remand is required with respect to defendant's monetary credit under section 2900.5(a) and for clarification of the fines, fees, and penalty assessments that defendant was ordered to pay. Consequently, we will reverse the judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2011, defendant was convicted by plea of possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 1) and possession of a firearm by a felon (former § 12021, subd. (a)(1); count 2). Defendant was placed on probation with various terms and conditions.

In 2012, a petition for modification of the terms of defendant's probation was filed. The petition indicated that in November 2011, defendant had been placed on probation with various terms and conditions. The petition alleged that in December 2011, defendant violated the " '[n]o drugs' " condition of her probation by violating Health and Safety Code section 11377, subdivision (a) (misdemeanor possession of a controlled substance) and former Health and Safety Code section 11364 (misdemeanor possession of drug paraphernalia). The petition also indicated that the conditions of defendant's probation included a one year jail sentence, that defendant was required to surrender to serve the jail term by January 6, 2012, and that defendant was currently serving the sentence. The petition further indicated that the trial court had imposed various fines, fees, and penalty assessments when defendant was placed on probation. The petition identified the amounts imposed as including the following: "DPF $150 + PA $450, LAB $50 + PA $150, RF $220, Add'l RF $220, Susp'd PC1202.44, SECA $60, ICMF $60, . . . CJAF $129.75."

In March 2012, the trial court summarily revoked defendant's probation.

2

On April 11, 2012, a probation violation hearing was held. Prior to defendant admitting the allegations in the petition, defense counsel stated that defendant had "elected to take" a 16-month prison sentence in the underlying case, but requested that defendant be allowed to "serve the remaining 63 days in the Women's Facility at Elmwood" where she was participating in a "program." Defense counsel stated that he "would ask the Court to bring [defendant] back in 63 days for imposition of judgment and what in essence would be a paper commitment and have her then report . . . for her supervision." After defendant admitted the allegations in the petition, the trial court indicated that defendant appeared to have made the decision to turn her life around, that the court was "impressed" with defendant, that the "probability of [her] coming back into the system [was] substantially reduced as of" that day, and that although she had a history of drug abuse she was "hopefully" on the right path now. The court further stated that although it was "against [the court's] policy and practice on this calendar to not impose judgment once there's been an admission," defendant was an "exceptional case and deserves this." The court continued the matter for sentencing to June 14, 2012, and stated, "I don't know if that's beyond or before, but that's pretty close."

On June 14, 2012, the trial court stated that defendant's probation would "remain revoked" and sentenced her to 16 months in prison. The sentence consists of the lower term of 16 months for possession of methamphetamine for sale (Health & Saf. Code, § 11378; count 1) and a concurrent lower term of 16 months for possession of a firearm by a felon (former § 12021, subd. (a)(1); count 2). The court granted defendant 489 days of custody credits, and her 16-month prison sentence was deemed served. The court ordered defendant to "pay a restitution fund fine in the amount of $200 pursuant to 1202.45." The abstract of judgment indicates that a restitution fine of $200 is due "forthwith," and that a $200 parole revocation restitution fine pursuant to section 1202.45 is "suspended unless parole is revoked."

# III.   DISCUSSION

Defendant contends that her 489 days of custody credits exceeded her 16-month prison sentence by four days, and that pursuant to section 2900.5(a), the trial court should have given her a monetary credit of at least $30 per day for each of those four days toward the $200 fine imposed under section 1202.45.

The Attorney General contends that defendant's claim under section 2900.5 is forfeited because she failed to raise it below. To the extent the claim is not forfeited, the Attorney General contends that the trial court "acted within its discretion when it imposed the $200 fine" and that defendant's appellate claim for a reduction in the fine should be rejected. Lastly, to the extent defendant is entitled to a reduction in the fine, the Attorney General contends that defendant has only two days of excess custody credits.

## A. *Forfeiture*

"As a general rule, only 'claims properly raised and preserved by the parties are reviewable on appeal.' [Citation.] . . . Thus, all 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' raised for the first time on appeal are not subject to review. [Citations.]" (*People v. Smith* (2001) 24 Cal.4th 849, 852.) However, a "narrow exception" to the forfeiture rule exists for " ' "unauthorized sentences" or sentences entered in "excess of jurisdiction." ' [Citation.] Because these sentences 'could not lawfully be imposed under any circumstance in the particular case' [citation], they are reviewable 'regardless of whether an objection or argument was raised in the trial . . . court.' [Citation.]" (*Ibid.*) In this case, defendant contends that the trial court was required to apply a monetary credit to the fine imposed, and that the failure to do so resulted in an unauthorized sentence. Defendant may therefore raise the issue for the first time on appeal.

The Attorney General, in support of the contention that defendant has forfeited her claim, relies in part on *People v. Wrice* (1995) 38 Cal.App.4th 767 (*Wrice*). In *Wrice*, the

defendant contended that his custody credits were miscalculated by the trial court. Although the appellate court determined that the defendant failed to demonstrate that he was entitled to additional presentence credit, the court also warned that it "may henceforth summarily dismiss appellate claims of error in presentence custody calculations when factual disputes or discretionary determinations are involved, unless the record discloses that efforts to correct the claimed errors were made in the trial court." (*Id.* at p. 773.) The Court of Appeal explained that "[t]he trial court is in the best position to determine the facts and correct custodial credit errors if there are any." (*Id.* at p. 772.) Unlike *Wrice*, defendant in the instant case is not contending that the trial court miscalculated her custody credits. We therefore turn to the substance of defendant's contentions on appeal.

### B. *Monetary Credit Under Section 2900.5(a)*

The parties dispute the proper interpretation of section 2900.5(a). When the propriety of a trial court's order "turns on the interpretation of a statute, a question of law is raised, which is subject to de novo review on appeal. [Citations.]" (*People v. Williams* (2010) 184 Cal.App.4th 142, 146.)

Section 2900.5(a) provides: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, . . . *all days of custody of the defendant*, including days served as a condition of probation in compliance with a court order, credited to the period of confinement pursuant to Section 4019, and days served in home detention pursuant to Section 1203.018, *shall be credited upon his or her term of imprisonment, or credited to any fine on a proportional basis, including, but not limited to, base fines and restitution fines, which may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence*. If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served. *In any case where the*

*court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine on a proportional basis, including, but not limited to, base fines and restitution fines*." (Italics added.) Section 2900.5(a) thus expressly requires a trial court to apply a defendant's days of custody credits to the term of imprisonment first, and then apply any remaining days to any fine imposed on the defendant. (See *People v. Robinson* (2012) 209 Cal.App.4th 401, 406 (*Robinson*).)

Although the trial court has the discretion to set the *rate* of the monetary credit, the rate must be at least $30 per day. (§ 2900.5(a).) Further, the monetary credit "must be applied 'on a proportional basis' [citation]. In other words, each dollar of monetary credit must be used proportionally to reduce the base fine, penalty assessments and restitution fine rather than any one of these categories alone. Thus, if the monetary credit does not eliminate all amounts due, the defendant still owes the remaining amount in each category." (*People v. McGarry* (2002) 96 Cal.App.4th 644, 646, fn. omitted (*McGarry*).) In *McGarry*, the Court of Appeal explained the arithmetic necessary to calculate a proportionate reduction in the base fine, penalty assessments, and restitution fine that had been imposed on the defendant in the case before it. (See *id*. at pp. 648-650.)

The monetary credit provided by section 2900.5(a) applies only to "court-ordered payment of monies that serve as punishment, as opposed to court-ordered payment of monies for nonpunitive purposes." (*Robinson*, *supra*, 209 Cal.App.4th at p. 407.) Thus, for example, monetary credit under section 2900.5(a) may not be applied to the court security fee (now known as the court operations assessment; § 1465.8, subd. (a)(1)), or to the court facilities assessment (Gov. Code, § 70373, subd. (a)(1)). (See *Robinson*, *supra*, at pp. 403-404, 407.)

**C.** *Amount of Defendant's Excess Custody Credits*

On June 14, 2012, the trial court imposed a 16-month sentence. (See §§ 18, subd. (a), 1170, subd. (h)(1); former § 12021, subd. (a)(1) [now § 29800, subd. (a)(1)]; Health & Saf. Code, § 11378.) On appeal, defendant agrees that " '[m]onth' means 'calendar month' rather than some fixed number of days. (Pen. Code, § 7, subd. 13.)" (*In re Kemper* (1980) 112 Cal.App.3d 434, 439, fn. 2.) As defendant's sentence would have begun on June 14, 2012, it would have extended 16 calendar months to October 14, 2013, or a period of 487 days. (See *id.* at pp. 438-439.) The court granted defendant 489 days of custody credits. Defendant thus had two days of custody credit in excess of her 16-month prison sentence.

**D.** *Application of Monetary Credit in Defendant's Case*

Defendant's two "remaining days" of custody credit must be applied, "at the rate of not less than thirty dollars ($30) per day," to "any fine" imposed by the trial court. (§ 2900.5(a); see *Robinson*, *supra*, 209 Cal.App.4th at p. 406; *McGarry*, *supra*, 96 Cal.App.4th at p. 646.) We shall remand the case to allow the trial court to exercise its discretion to set the daily credit rate and to apply defendant's total monetary credit pursuant to section 2900.5(a).

In connection with the remand, we make the following observations.

First, according to the 2012 petition for modification of the terms of defendant's probation, when defendant was placed on probation in November 2011 the trial court imposed various fines, fees, and penalty assessments. The petition identified the amounts imposed as including the following: "DPF $150 + PA $450, LAB $50 + PA $150, RF $220, Add'l RF $220, Susp'd PC1202.44, SECA $60, ICMF $60, . . . CJAF $129.75." When defendant was sentenced to prison in June 2012 following the violation of probation, the court ordered defendant to pay a fine in the amount of $200 pursuant to section 1202.45. The abstract of judgment indicates that a $200 restitution fine pursuant to section 1202.4, subdivision (b) is due, and that a $200 parole revocation restitution fine

7

pursuant to section 1202.45 is "suspended unless parole is revoked." To the extent other fines, fees, and penalty assessments were previously imposed on defendant (as reflected in the 2012 petition for modification of the terms of defendant's probation) and defendant remained obligated to pay those amounts upon revocation of probation and being sentenced to prison, the abstract of judgment should reflect the previous imposition of those other amounts. (Cf. *People v. Cropsey* (2010) 184 Cal.App.4th 961, 966; see *People v. Guiffre* (2008) 167 Cal.App.4th 430, 434.)

Second, the Attorney General questions whether the trial court correctly imposed a suspended parole revocation restitution fine under section 1202.45 in the amount of $200, rather than $220. The parole revocation restitution fine, like the probation revocation restitution fine, must be in the same amount as the restitution fine imposed pursuant to section 1202.4, subdivision (b). (§§ 1202.44, 1202.45, subd. (a).) Further, a 10 percent administrative fee may be added to the restitution fine under current and former section 1202.4, subdivision (*l*). (See Stats. 2009, ch. 454, § 1 [former § 1202.4, subd. (*l*)]; *People v. Robertson* (2009) 174 Cal.App.4th 206, 209-211.) Without a reporter's transcript in the record on appeal of the hearing at which defendant was granted probation and the restitution fine under section 1202.4 was imposed, we cannot conclusively determine the amount of that fine.

Since we are remanding this case for a determination of defendant's monetary credit under section 2900.5(a), we need not definitively resolve the issue of the restitution fines (§§ 1202.4, subd. (b), 1202.44, 1202.45, subd.(a)) or the extent to which additional fines, fees, and penalty assessments were previously imposed and should be reflected in the abstract of judgment. Instead, we will direct the court, on remand, to clarify the amounts previously imposed on defendant when probation was granted and to include those amounts in the the abstract of judgment to the extent defendant was still obligated to pay them upon the revocation of probation and being sentenced to prison.

## IV. DISPOSITION

The judgment is reversed and remanded to the trial court with directions to:

(1) calculate defendant's monetary credit for the two days she was in custody in excess of her prison term and apply that monetary credit pursuant to section 2900.5(a),

(2) clarify that defendant's suspended parole revocation restitution fine (§ 1202.45, subd. (a)) and her probation revocation restitution fine (§ 1202.44) are in the same amount as the restitution fine (§ 1202.4, subd. (b)) that was imposed when she was placed on probation, and

(3) include in the abstract of judgment the fines, fees, and penalty assessments previously imposed on defendant at the time probation was granted and for which defendant remained obligated to pay upon the revocation of probation and being sentenced to prison.

_____
BAMATTRE-MANOUKIAN, J.

WE CONCUR:

_____
ELIA, ACTING P.J.

_____
MÁRQUEZ, J.

9