Filed 10/3/13  P v. Livingston CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>            Plaintiff and Respondent,<br><br>      v.<br><br>ARNOLD ROSHAWN LIVINGSTON,<br><br>            Defendant and Appellant. | C072740<br><br>(Super. Ct. No. 11F01267) |

This is an appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).

On October 19, 2010, defendant Arnold Roshawn Livingston was detained outside a department store by an off-duty Department of Corrections officer after defendant grabbed, choked and forced his girlfriend to leave the store.  Defendant threatened to retrieve a knife from his pocket and stab the off-duty officer.  In 1992, defendant was convicted of second degree robbery.

After the court found defendant incompetent to stand trial, defendant was placed at Napa State Hospital until competency could be restored.  A month later, Napa certified defendant as competent and he returned to county jail.  After the trial court found

1

defendant competent to stand trial, defendant entered a negotiated plea of no contest to attempted criminal threats (Pen. Code, §§ 664/422; undesignated section references are to this code) and admitted a strike prior (§ 667, subds. (b)-(i)) in exchange for a stipulated 16-month term and dismissal of the remaining counts (false imprisonment with violence and misdemeanor battery). The court imposed the 16-month term (the low term of eight months, doubled for the strike prior), and released defendant as time served with 547 days of actual custody credit. The credits exceeded the sentence and were applied to the payment of the fees and fines.

Defendant appeals. His request for a certificate of probable cause (§ 1237.5) was denied. Defendant's subsequent notice of appeal seeks review on matters not affecting the plea.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

We note an error in the calculation of the excess credit towards the payment of fees and fines. The prosecutor stated that defendant's 16-month sentence equaled 485 days, 80 percent of which totaled 388 days, but because defendant had 547 actual days of custody, defendant was time served and the excess days would be applied to the fines and fees (restitution fine and main jail booking and classification fees). The trial court stated that defendant was entitled to 547 actual days and 109 days of conduct credits "pursuant to the Penal Code section that governs serious felonies as far as credits *that can be earned.*" (Italics added.) The minute order and the abstract of judgment reflect 547 actual days and 109 conduct days for a total of 656 days of presentence custody credit. The abstract cites section 2933.1 for conduct credits. Attempted criminal threats is not a

"violent" felony; instead, attempted criminal threats is a "serious" felony (§ 1192.7, subd. (c)(38), (39)) so the 15 percent rule of section 2933.1 does not apply. Plus 15 percent of 547 is 82. But 20 percent of 547 is 109. In view of the court's statement that it awarded 109 days of conduct credits based on what defendant could have earned (presumably meaning while in prison), it appears the court erroneously awarded "post sentence" conduct credit rather than "presentence" conduct credit. The record does not include a probation report to reflect the dates of defendant's custody. Without an adequate record reflecting when defendant was in custody, we are unable to determine the number of "presentence" conduct credits he should have received towards his fees/fines. (§ 2900.5, subd. (a); see *People v. Robinson* (2012) 209 Cal.App.4th 401, 406-407; *People v. McGarry* (2002) 96 Cal.App.4th 644, 646-647.) It is the trial court's duty to determine defendant's actual dates of custody and the total number of days to be credited. (§ 2900.5, subd. (d).)

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The matter is remanded to the trial court for recalculation of defendant's custody credits. The judgment is otherwise affirmed.

<u>    HULL    </u>, J.

We concur:

<u>    RAYE    </u>, P. J.

<u>    BLEASE    </u>, J.

3