Filed 3/21/16  P. v. Turner CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051422 |
| v. | (Super. Ct. No. 11CF0985) |
| DONALD LOREN TURNER, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Commissioner.  Affirmed in part, reversed in part and remanded with directions.

Theresa Osterman Stevenson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Seth M. Friedman, Deputy Attorneys General, for Plaintiff and Respondent.

Donald Loren Turner appeals from an order granting his petition for resentencing under Proposition 47. Although he approves of the trial court's reduction of his felony conviction to a misdemeanor, he contends the court erred in subjecting him to a period of parole. We disagree. However, we do agree with appellant that his excess custody credits should be counted toward his parole period and applicable fines and that he is not required to register as a narcotics offender. Therefore, we affirm in part, reverse in part and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

In May 2011, appellant pleaded guilty to felony drug possession and admitted having served two prior prison terms. (Health & Saf. Code, §§ 11377, subd. (a); Pen. Code, § 667.5, subd. (b).)[1] As part of the plea agreement, the trial court suspended imposition of sentence and placed appellant on three years' probation. However, four months later, the court terminated appellant's probation based on his failure to enroll in a drug treatment program and sentenced him to 16 months in prison. At that time, the trial court also ordered appellant to pay certain fines and fees and to register as a narcotics offender.

Following his release from prison in 2012, appellant was placed on postrelease community supervision (PRCS). In late 2014, he petitioned the trial court to have his felony conviction reduced to a misdemeanor under section 1170.18, which was added to the Penal Code pursuant to Proposition 47. Although the prosecution did not object to this request, it did ask that appellant be placed on parole in light of his "very long record" of absconding and violating the terms of his probation and parole.

Appellant opposed further supervision given he had already served his underlying prison sentence. Because his custody credits exceeded both the maximum

_____

[1] All further statutory references are to the Penal Code.

2

term for a misdemeanor sentence, one year, and the statutorily prescribed period of parole under Proposition 47, also one year, appellant claimed he was "maxed out" and entitled to immediate release. The trial court disagreed. After reducing appellant's felony conviction to a misdemeanor and resentencing him to 365 days in jail, the court placed him on parole for one year. In so doing, the court applied appellant's custody credits toward his misdemeanor sentence but not his parole term.

DISCUSSION

*Propriety and Length of Parole Term*

Appellant contends the trial court erred by 1) subjecting him to parole, and 2) failing to reduce the length of his parole by the amount of his excess custody credits, i.e., the difference between the amount of custody credit he had on his original sentence and the term he received on resentencing. We find appellant was subject to parole but the term thereof should have been reduced by his excess custody credits.

With respect to the imposition of parole, Proposition 47 draws a distinction between defendants who are currently serving their original sentence and those who have already completed their sentence. Whereas the law subjects defendants in the former category to one year of parole (§ 1170.18, subds. (a)-(d)), it does not require parole for defendants in the latter category (*id.*, at subd. (f)).[2] Proposition 47 also states that anyone

<hr>

[2]     Section 1170.18 provides in pertinent part:
"(a) A person *currently serving a sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . .
"(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.
" [¶] . . . [¶]
"(d) A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and *shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole. . . .
"[¶] . . . [¶]

3

who is resentenced under its provisions "shall be given credit for time served" and that nothing in the law "is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." (§ 1170.18, subds. (d) & (m)).

Although these provisions seem straightforward, they have generated a rift in the Courts of Appeal regarding the issues presented in this appeal. While appellant's appeal was pending, this court issued *People v. Morales* (2015) 238 Cal.App.4th 42 (*Morales*), which amounted to a split decision for defendants. *Morales* held inmates like appellant, who are on PRCS at the time they seek Proposition 47 relief, are still serving their underlying sentence and are thus subject to parole upon resentencing. However, they are entitled to have their excess custody credits counted toward their parole.

On the heels of *Morales*, the trial court issued an order modifying appellant's sentence.[3] Among other things, the court determined appellant's custody credit exceeded both his misdemeanor sentence and his one-year parole period. It therefore discharged appellant from parole.

A month later, in August 2015, the California Supreme Court granted review of *Morales* (S228030), as well as *People v. Hickman* (2015) 237 Cal.App.4th 984, a decision from the Second District which reached the opposite conclusion from *Morales* on the credits issue (S227964). The split reemerged after the Second District reaffirmed the holding of *Hickman* in *People v. McCoy* (2015) 239 Cal.App.4th 431, and this court reaffirmed the holding of *Morales* in *People v. Armogeda* (2015) 240 Cal.App.4th 1039. But review has been granted in both *McCoy* (S229296) and *Armogeda* (S230374).

Based on the foregoing, it is apparent the California Supreme Court is going to speak to the issues presented in this appeal. And when it does, its ruling will be

---

"(f) A person who has *completed his or her sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (Italics added.)

3    At appellant's request, we augmented the record on appeal to include this order.

dispositive of those issues. In the meantime, we still have to decide the proper resolution of appellant's case. While we salute the trial court's initiative in modifying appellant's sentence to comport with *Morales*, we conclude the court lacked jurisdiction to make the modification because this appeal was already pending at that time. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916; *People v. Awad* (2015) 238 Cal.App.4th 215.) Therefore, the modification order is void. (*Ibid.*)[4] Nevertheless, we continue to adhere to the position this court exposed in *Morales* and *Armogeda* that defendants who are resentenced under Proposition 47 are subject to parole if they are on PRCS, but the length of their parole should be reduced by their excess custody credits.

In arguing against the imposition of parole, appellant contends the term "sentence" in section 1170.18 refers only to his underlying prison term. Therefore, once he finished that term, he had "completed" his sentence and was not subject to further supervision. However, following his release from prison, appellant was required to be on PRCS, which itself is a form of parole. In fact, parole was a "mandatory component" of his original felony sentence. (*People v. Nuckles* (2013) 56 Cal.4th 601, 609.) While parole constitutes a "distinct phase" of a defendant's punishment apart from his underlying prison term, it is an integral aspect of his original sentence during which time he is "subject to substantial restraints on his liberty and is deemed to remain in the constructive custody of the Department of Corrections and Rehabilitation." (*Ibid.*) Therefore, contrary to appellant's claim, his sentence was not complete the moment he stepped out of prison.

Appellant points out that under section 1170.18, subdivision (d) a defendant who is resentenced under Proposition 47 "shall be subject to parole for one year

---

[4] Although section 1237.1 gives trial courts concurrent jurisdiction to correct errors involving the calculation of presentence credits while an appeal is pending, that section applies only to mathematical or clerical mistakes, not substantive issues like the ones involved in this case. (*People v. Delgado* (2012) 210 Cal.App.4th 761.)

following completion of his or her sentence . . . ." According to appellant, this shows parole is separate from sentencing, and to the extent Proposition 47 is ambiguous on this point, we are required to construe the measure in his favor under the rule of lenity. However, that rule only applies in cases of unresolvable ambiguity – when the court can do nothing more than guess at the meaning of a law. (*People v. Nuckles, supra*, 56 Cal.4th at p. 611.) That is not the case here. By its terms, section 1170.18, subdivision (d) applies when the defendant is resentenced to a misdemeanor. Since misdemeanor sentences do not include a period of parole, it is not surprising parole is described as something that follows completion of the defendant's sentence. But that has no bearing on the defendant's original felony sentence, which, as explained above, included a mandatory period of parole that appellant was still serving when he was resentenced. Thus, reading section 1170.18, subdivision (d) in its proper context, it does not support appellant's position.

Appellant also contends subjecting those who are already serving PRCS to an additional term of parole after they are resentenced under Proposition 47 will frustrate the initiative's goal to save taxpayer dollars by reducing the number of people in prison. (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) argument in favor of Prop. 47, p. 38.) Imposing parole in Proposition 47 cases will no doubt result in some defendants returning to prison for violating the terms of their parole. But in enacting Proposition 47, the voters also expressed concern for public safety and the need to keep dangerous criminals off the streets. (*Ibid.*) Requiring defendants who are on PRCS to remain under parole supervision following resentencing is an entirely reasonable method of helping ensure that only nondangerous defendants are able to benefit from the procedures contained in Proposition 47.

For all of these reasons, we construe Proposition 47 as authorizing parole for defendants like appellant who are on PRCS at the time they are resentenced. As

6

appellant points out, the trial court does have the discretion to waive parole in appropriate cases.  (§ 1170.18, subd. (d).)  However, given appellant's poor performance on probation and parole in the past, the court did not abuse its discretion by imposing parole in his case.

Appellant further contends it was improper for the court to give him a full year on parole, given the amount of time he had already served in prison.  On this point, we must agree with appellant that his excess custody credits should have been used to reduce the term of his parole.  Our conclusion in this regard is derived from the language of Proposition 47 itself.  As we have pointed out, the initiative explicitly states that anyone who is resentenced under its provisions "shall be given credit for time served" and that nothing in the law "is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant."  (§ 1170.18, subds. (d) & (m).)  Those other rights and remedies include the right to custody credit under section 2900.5, which entitles defendants to credit against their term of imprisonment, including parole time, for any time spent in custody prior to sentencing.  (§ 2900.5, subds. (a), (c); *In re Sosa* (1980) 102 Cal.App.3d 1002.)  In fact, the law is clear defendants are not required to serve time on parole if their "in-custody credits equal [their] total sentence, including both confinement time and the period of parole."  (§ 1170, subd. (a)(3).)

The drafters of Proposition 47 could easily have included language in the initiative to exempt persons resentenced under its terms from these well-established rules.  But rather than do so, they specifically extended to defendants seeking resentencing relief all the rights and remedies to which they would otherwise be entitled.  (§ 1170.18, subd. (m).)  This includes the right to have presentence credits deducted from any parole period they are ordered to serve at the time of resentencing.  Therefore, the trial court erred in failing to apply appellant's excess custody credits toward his parole period.

7

*Fines, Fees and Registration Requirement*

At the time appellant was sentenced to prison in 2011, the trial court ordered him to pay a $40 court security fee, a $50 drug lab fee and a conviction assessment fee in the amount of $30. (§ 1465.8; Health & Saf. Code, § 11372.5, subd. (a); Gov. Code, § 70373.) In addition, the court imposed restitution and parole revocation fines in the amount of $200 each and ordered appellant to register as a narcotics offender. (§§ 1202.4, subd. (b), 1202.45, Health & Saf. Code, § 11590.) Regarding the allocation of custody credits, the law is clear such credits shall first be applied to the defendant's prison sentence and the term of his parole, with any remaining credit to be applied to his fines on a proportional basis. (§ 2900.5, subd. (a); *People v. Robinson* (2012) 209 Cal.App.4th 401, 406-407; *People v. McGarry* (2002) 96 Cal.App.4th 644, 646.) Therefore, depending on how many custody credits appellant has accumulated – a factual question best resolved by the trial court – he may be entitled to a reduction of his financial penalties. Although respondent contends appellant forfeited his right to challenge his restitution and parole revocation fines by failing to object to them when they were imposed, appellant had no reason to do so because he did not have any excess custody credits at that time. Therefore, the failure to object does not preclude a reduction of those fines.

It is also apparent the trial court erred in requiring appellant to register as a narcotics offender because he was not convicted of an offense to which the registration requirement applies. (Health & Saf. Code, § 11590.) Indeed, respondent candidly admits the registration requirement should be stricken in this case.

DISPOSITION

The trial court's modification order filed on July 23, 2015 is void for lack of jurisdiction. The trial court's original resentencing order is affirmed except to the extent the court failed to consider appellant's excess custody credits in determining the

8

length of his parole and the amount of his applicable fines and fines.  The matter is remanded with directions for the court to apply appellant's excess custody credits toward his parole period and his applicable fines and fees and to strike his narcotics registration requirement.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


MOORE, J.

9