[No. C058306. Third Dist. May 26, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
STEVEN MARK ROBERTSON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rule 8.1110, this opinion is certified for publication with the exception of part II.

## Counsel

Donn Ginoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette and Michael P. Farrell, Assistant Attorneys General, Carlos A. Martinez and Stephen G. Herndon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**DAVIS, J.**[*]—We publish this decision to correct a misunderstanding by the parties, not the trial court, concerning this court's decision in *People v. Eddards* (2008) 162 Cal.App.4th 712 [75 Cal.Rptr.3d 924] (*Eddards*), which held that when, as a condition of probation, a defendant is ordered to pay "restitution to the victim or the Restitution Fund" (Pen. Code, § 1203.1, subd. (b)), an administrative fee of up to 10 percent of the amount may be imposed to cover a county's cost of collecting "restitution to be made to the victim" (Pen. Code, § 1203.1, subd. (*l*)) but not when the payment is to be made to the Restitution Fund. (*Eddards, supra,* 162 Cal.App.4th at pp. 716–717.)

As we will explain, the holding in *Eddards* does not preclude a trial court from imposing a 10 percent administrative fee to cover a county's cost of collecting a "restitution fine" (Pen. Code, § 1202.4, subd. (*l*)) ordered pursuant to Penal Code section 1202.4, subdivision (a)(3)(A).

Here, defendant Steven Mark Robertson pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378), admitted an allegation that he was personally armed with a firearm during the commission of the offense (Pen. Code, § 12022, subd. (c)), and further admitted that he had two prior convictions for narcotics offenses (Health & Saf. Code, § 11370.2, subd. (b)). The trial court sentenced him to 13 years in state prison and imposed other orders, including a restitution fine of $1,200 pursuant to Penal Code section 1202.4, subdivision (b), with a 10 percent "administrative fee."

On appeal, defendant contends that the administrative fee imposed in connection with the restitution fine is unauthorized and must be stricken. Defendant also requests that we correct a clerical error in the abstract of judgment to reflect his 91 days of presentence custody credit. We will affirm the judgment, including the administrative fee, and will direct the trial court to correct the abstract of judgment. We also note that the abstract of judgment fails to include the $20 court security fee imposed by the court pursuant to Penal Code section 1465.8, subdivision (a)(1); we will direct the trial court to correct this error as well.

---

[*] Retired Associate Justice of the Court of Appeal, Third Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

## Factual and Procedural Background

We dispense with a detailed recitation of the underlying facts as they are unnecessary to the resolution of this appeal. Suffice it to say that defendant was discovered in his residence with over seven ounces of methamphetamine, digital scales, three glass methamphetamine pipes, Ziploc baggies, two semiautomatic handguns (a .45-caliber Ruger P90 with a filed-off serial number and a stolen nine-millimeter Sig Sauer 232 SL), and $5,725 in cash.

Defendant was charged with possession of methamphetamine for sale (Health & Saf. Code, § 11378), maintaining a place for sale or use of methamphetamine (Health & Saf. Code, § 11366), possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)), receiving stolen property (Pen. Code, § 496, subd. (a)), possession of a smoking device (Health & Saf. Code, § 11364), and possession of a firearm with the identification removed (Pen. Code, § 12094). The information also alleged that defendant was personally armed with a firearm during the commission of the offense of possession of methamphetamine for sale (Pen. Code, § 12022, subd. (c)), and that he had two prior convictions for narcotics offenses (Health & Saf. Code, § 11370.2, subd. (b)).

Pursuant to negotiated agreement, defendant pleaded no contest to possession of methamphetamine for sale, admitted the arming enhancement allegation, and further admitted his prior narcotics convictions. In exchange for his plea, the remaining charges were dismissed, and the People also agreed to dismiss the arming enhancement allegation if defendant timely appeared for sentencing.

Defendant failed to appear for sentencing. After issuing a bench warrant to compel defendant's appearance, the trial court sentenced him to 13 years in state prison (upper term of three years on the possession for sale, plus four years for the arming enhancement, plus three years for each prior narcotics conviction), and imposed other orders (including a restitution fine of $1,200 with a 10 percent "administrative fee" attached, a restitution fine of $1,200 (stayed pending successful completion of parole), a criminal lab fee of $162.50, and a $20 court security fee). Defendant was also awarded 91 days of presentence custody credit.

## Discussion

### *I*

Defendant contends, and the Attorney General concedes, that the 10 percent "administrative fee" added to the $1,200 restitution fine imposed

pursuant to Penal Code section 1202.4, subdivision (a)(3)(A)[1] is unauthorized and must be stricken. We do not accept the Attorney General's concession.

Section 1202.4, subdivision (a)(3) provides: "The court, in addition to any other penalty provided or imposed under the law, shall order the defendant to pay both of the following: [¶] (A) A *restitution fine* in accordance with subdivision (b). [¶] (B) Restitution to the victim or victims, if any, in accordance with subdivision (f), which shall be enforceable as if the order were a civil judgment." (Italics added.)

Subdivision (b) of section 1202.4 provides: "In every case where a person is convicted of a crime, the court shall impose a separate and additional *restitution fine*, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record." (Italics added.) Subdivision (e) of section 1202.4 provides that the "*restitution fine*" imposed pursuant to subdivision (b) "shall be deposited in the Restitution Fund in the State Treasury." (Italics added.) And subdivision (*l*) of section 1202.4 provides: "At its discretion, the board of supervisors of any county may impose a fee to cover the actual administrative cost of collecting the *restitution fine*, not to exceed 10 percent of the amount ordered to be paid, to be added to the *restitution fine* and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county." (Italics added.)

In this case, the trial court imposed a "restitution fine" of $1,200 pursuant to section 1202.4, subdivision (b). The court also imposed a 10 percent "administrative fee" under subdivision (*l*) to be added to the restitution fine. The court did not order direct victim restitution under subdivision (f) as there were no victims to directly compensate.

Defendant claims that section 1202.4, subdivision (*l*) authorizes the administrative fee only when restitution is to be paid directly to the victim. Defendant is mistaken. Subdivision (*l*) clearly and unambiguously provides for a 10 percent administrative fee to be imposed on any "restitution fine" ordered pursuant to section 1202.4, subdivision (b). This is precisely what the trial court did.

Both defendant and the Attorney General misread the decision in *Eddards*. In *Eddards*, the court held that a 10 percent administrative fee may be imposed under section 1203.1, subdivision (*l*), only when, as a condition of probation, a defendant is ordered to pay restitution to the *victim* pursuant to

---

[1] Hereafter, undesignated section references are to the Penal Code.

section 1203.1, subdivision (b). (*Eddards, supra*, 162 Cal.App.4th at p. 717.) In *Eddards*, a $1,000 restitution fine plus a 10 percent administrative fee were ordered pursuant to section 1202.4, subdivisions (b) and (*l*). In addition to the $1,000 *restitution fine* imposed under section 1202.4, the defendant was ordered to make restitution to the state Restitution Fund in the amount of $1,055.62, with an additional 10 percent administrative fee, pursuant to section 1203.1, subdivisions (b) and (*l*). (*Eddards, supra*, 162 Cal.App.4th at pp. 714–715.) The defendant in *Eddards* did not dispute the validity of the administrative fee attached to the *restitution fine* imposed pursuant to section 1202.4. The dispute concerned the administrative fee attached to the *restitution order* imposed pursuant to section 1203.1. (*Eddards, supra*, 162 Cal.App.4th at p. 715.)

■ *Eddards* pointed out that "if the language of a statute is not ambiguous, the plain meaning controls." (*Eddards, supra*, 162 Cal.App.4th at p. 716.) Section 1203.1, subdivision (b), allows the court to order defendant to "make restitution to the victim *or* the Restitution Fund" (italics added) as a condition of probation. Section 1203.1, subdivision (*l*) further provides: "If the court orders restitution to be made *to the victim*, the board of supervisors may add a fee to cover the actual administrative cost of collecting restitution but not to exceed 10 percent of the total amount ordered to be paid. The fees shall be paid into the general fund of the county treasury for the use and benefit of the county." (Italics added.) Thus, section 1203.1, subdivision (*l*), plainly and unambiguously allows the 10 percent administrative fee on restitution orders only where the restitution is to be made to the victim. (*Eddards, supra*, 162 Cal.App.4th at p. 717.)

Section 1202.4 is a different statute with a different plain and unambiguous meaning. Section 1202.4, subdivision (*l*), provides for a 10 percent administrative fee to be added to the "restitution fine." Throughout the statute, the "restitution fine" is the fine imposed pursuant to subdivision (b). Here, the trial court imposed a "restitution fine" under subdivision (b) and correctly added the 10 percent "administrative fee" under subdivision (*l*).

*II*\*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

\*See footnote, *ante*, page 206.

## DISPOSITION

The judgment is affirmed. The trial court is directed to prepare an amended abstract of judgment to include the $20 court security fee imposed by the trial court pursuant to section 1465.8, subdivision (a)(1), and to reflect defendant's 91 total days of presentence custody credit, and to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

Scotland, P. J., and Blease, J., concurred.