Filed 12/11/13  P. v. Labiano CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>RODOLFO CUARESMA LABIANO,<br><br>      Defendant and Appellant. | H039297<br>(Santa Clara County<br>Super. Ct. No. B1259861) |

Pursuant to a plea bargain, defendant Rodolfo Cuaresma Labiano pleaded no contest to 12 charges: 10 counts of lewd and lascivious acts upon a child under the age of 14 (Pen. Code, § 288, subd. (a))[1] and two counts of lewd and lascivious acts upon a child of 14 or 15 years and at least 10 years younger than him (§ 288, subd. (c)(1)).  The plea agreement provided for a total prison term of 27 years and four months.  At the time of sentencing, the trial court imposed the agreed-upon sentence.  The court also imposed a $200 "restitution fund fine" and imposed, but suspended, an "additional restitution fine" in the "same amount."  The sentencing minute order, however, reflects a restitution fine of $264 (impliedly $240 plus a 10 percent administrative fee of $24) and an additional restitution fine, suspended, of $240.

---

[1]      All further statutory references are to the Penal Code unless otherwise stated.

1

On appeal, defendant asserts that the restitution fines must be reduced to $200, consistent with the court's oral pronouncement of judgment. He also insists that the impliedly-included administrative fee must be entirely eliminated because it was unauthorized.

The People agree that the amount of the restitution fine must be reduced to $200. They maintain, however, that an administrative fee was properly imposed but it should have been only $20 (10 percent of $200).

We agree with defendant Labiano that the base restitution fine (§ 1202.4, subd. (b)) and the corresponding parole revocation restitution fine (§ 1202.45) must be reduced to $200. We also agree with the People, however, that the trial court was required to add an administrative fee of $20 to the restitution fine imposed pursuant to section 1202.4, subd. (b). (§ 1202.4, subd. (*l*).) Accordingly, we modify the judgment and, as modified, affirm.

## *Discussion*

A. *Amount of Restitution Fine*

During the period of the charged crimes and until January 1, 2012, section 1202.4, subdivision (b), required courts to ordinarily order a defendant to pay a minimum restitution fine of $200 if the defendant was convicted of a felony.

Beginning on January 1, 2012 and throughout 2012, section 1202.4, subdivision (b), required courts to ordinarily impose a minimum restitution fine of $240 on a person convicted of a felony.[2] Even though defendant pleaded guilty in 2012, "[i]t is well

---

[2]     Section 1202.4, subdivision (b), now states in part: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three

established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions. [Citations.]"  (*People v. Souza* (2012) 54 Cal.4th 90, 143; see *People v. Saelee* (1995) 35 Cal.App.4th 27, 31 [1992 increase in the minimum restitution fine from $100 to $200 was inapplicable to defendant whose offenses were committed before the statutory amendment's effective date].)  Accordingly, the trial court correctly imposed a $200 restitution fine pursuant to section 1202.4, subdivision (b).

At all relevant times, section 1202.45 required the trial court, where a convicted person would be subject to parole, to impose an additional restitution fine (denominated a "parole revocation restitution fine" since the amendment of that section in 2004) "in the same amount as that imposed *pursuant to subdivision (b) of Section 1202.4*" but required that additional restitution fine to be "suspended unless the person's parole is revoked." (Stats. 2007, ch. 302, § 15, p. 3079, italics added; Stats. 2004, ch. 223, § 4, p. 2433, eff. Aug. 16, 2004, italics added; Stats. 1995, ch. 313, § 6, p. 1758, eff. Aug. 3, 1995, italics added; see § 1202.45, subds. (a) & (c).)  In this case, the trial court correctly imposed and suspended an additional restitution fine in the "same amount" as the restitution fine that the court had imposed, in other words an additional restitution fine of $200.

The minute order does not accurately reflect the amounts of those restitution fines. Where there is a discrepancy, the record of the court's oral pronouncement of judgment ordinarily controls over the clerk's minute order.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185; *People v. Mesa* (1975) 14 Cal.3d 466, 471; see §§ 1207, 1213, 1213.5.) We agree with defendant's claim that the base restitution fine (§ 1202.4, subd. (b)), and the corresponding parole revocation restitution fine (§ 1202.45), must be reduced and the abstract of judgment must be corrected.

---

hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000). . . ."

3

B. *Administrative Fee*

At all relevant times, subdivision (*l*) of section 1202.4 provided: "At its discretion, the board of supervisors of any county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, *to be added to the restitution fine and included in the order of the court*, the proceeds of which shall be deposited in the general fund of the county." (Italics added.) Subdivision (*l*) impliedly refers to the restitution fine imposed pursuant to subdivision (b) of that section. This language was substantively unchanged during the period of the charged offenses to which defendant pleaded no contest.

Defendant argues that an administrative fee of $24 should not have been added to the $200 restitution fine because the trial court did not orally impose such a fee at sentencing. Defendant further contends that, since he was sentenced to prison, "the county will incur zero costs because the restitution fine will be collected by the Department of Corrections." He reasons that, therefore, no fee to cover the county's administrative cost of collecting the restitution fine may be imposed.

Section 2085.5, subdivision (a), provides in relevant part: "In any case in which a prisoner owes a restitution fine imposed pursuant to . . . subdivision (b) of Section 1202.4, the Secretary of the Department of Corrections and Rehabilitation shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation and Government Claims Board for deposit in the Restitution Fund in the State Treasury. Any amount so deducted shall be credited against the amount owing on

4

the fine. . . ."[3]  (See Cal. Code Regs., tit. 15, § 3097 [Inmate Restitution Fine and Direct Order Collections].)

Defendant's reasoning is flawed.  First, his argument is predicated on the particulars of his case, which is not consistent with the statutorily-provided procedure for imposing such fees.  If a county board of supervisors imposes an administrative fee to defray the costs of collecting a restitution fine pursuant to section 1202.4, subdivision (*l*), the subdivision specifies that the fee is added to a defendant's restitution fine at the time of sentencing, which is necessarily before a county has actually incurred any collection cost as to that defendant's fine.  A county's administrative cost of collecting a restitution fine in a particular case presumably varies, depending upon such factors as a defendant's assets, resources, and willingness to comply.  As can be seen, the statute does not require proof that the county will incur collection costs before the trial court assesses the administrative fee at the time of sentencing.  In our view, subdivision (*l*) of section 1202.4 is in essence a revenue provision.  As written, it does *not* limit the amount of the administrative fee in the case of a particular defendant to the county's real cost of collecting that defendant's restitution fine, not to exceed 10 percent of that fine.

Second, the authority of the California Department of Corrections and Rehabilitation (CDCR) to collect outstanding restitution fines from prisoners under the statutory provision cited by defendant Labiano is limited to deducting certain amounts from prisoners' wages and trust account deposits.  (§ 2085.5, subd. (a).)  Defendant has not shown that counties, or the County of Santa Clara (County) in particular, will not incur administrative costs collecting and processing a restitution fine payment from a

---

[3]      The CDCH may also impose an administrative fee.  Subdivision (e) of section 2085.5 provides in part:  "The secretary shall deduct and retain from the wages and trust account deposits of a prisoner, unless prohibited by federal law, an administrative fee that totals 10 percent of any amount transferred to the California Victim Compensation and Government Claims Board pursuant to subdivision (a) . . . ."

5

defendant and remitting it to the Restitution Fund once a defendant is sentenced to prison.[4] Defendant has not identified any statutory exemption barring trial courts from adding an administrative fee pursuant to section 1202.4, subdivision (*l*), where a defendant is sentenced to prison. Thus, defendant has not established by reference to existing law, or evidence presented in the court below, that the administrative fees imposed by the CDCR and the County to defray costs of collecting unpaid restitution fines are mutually exclusive or the County will necessarily be uninvolved in collecting defendant's restitution fine because he has been sentenced to prison.[5]

In counties that have imposed an administrative fee pursuant to section 1202.4, subdivision (*l*), trial courts are statutorily obliged to add that administrative fee to the restitution fine they impose. (See *People v. Robertson* (2009) 174 Cal.App.4th 206, 210.) There has been no suggestion in this case that the County's Board of Supervisors has not imposed an administrative fee of 10 percent to cover its administrative cost of collecting restitution fines pursuant to section 1202.4, subdivision (*l*).[6]

A trial court's failure to add a mandatory administrative fee results in an unauthorized sentence subject to correction on appeal. (See *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157.) "[O]bvious legal errors at sentencing that are correctable without referring to factual findings in the record or remanding for further findings are not

---

[4] Section 1202.4, subdivision (e), states in part: "The restitution fine . . . shall be deposited in the Restitution Fund in the State Treasury."

[5] The appellate record does not reveal the usual steps taken by the County to collect restitution fines. Conceivably, a county's collection services might be directed at assets that a defendant may have, or acquire, in the county of conviction while a defendant is in prison or after his release.

[6] We take judicial notice of the June 8, 2004 "Resolution of the Board of Supervisors of the County of Santa Clara Imposing a Fee to Cover the Actual Administrative Cost of Collecting Restitution Fines Ordered by the Courts." (See Evid. Code, §§ 452, subds. (b) & (c), 459; *Evans v. City of Berkeley* (2006) 38 Cal.4th 1, 7, fn. 2 [judicial notice of city council resolution].)

waivable." (*People v. Smith* (2001) 24 Cal.4th 849, 852 [imposition of a parole revocation fine that was less than the imposed restitution fine could be corrected on appeal even though no objection at sentencing].) Accordingly, we modify the judgment.

## DISPOSITION

The judgment is modified to reflect a restitution fine of $200 plus an administrative fee of $20 (10 percent of $200), a total of $220, and a parole revocation restitution fee of $200, which is suspended. As modified, the judgment is affirmed. The trial court is directed to correct the abstract of judgment and to forward a certified copy to the California Department of Corrections and Rehabilitation.

_____

ELIA, Acting P. J.

WE CONCUR:

_____

MIHARA, J.

_____

GROVER, J.

7