Filed 5/29/14  P. v. Lewis CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C072243 |
| Plaintiff and Respondent, | (Super. Ct. No. SF121353A) |
| v. | |
| MICHAEL DOUGLAS LEWIS, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we order a correction of the abstract of judgment and affirm the judgment.

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

## PROCEDURAL AND FACTUAL BACKGROUND

A felony complaint charged defendant Michael Douglas Lewis with one count of petty theft with three prior theft-related convictions (Pen. Code, § 666)[1] and alleged that defendant had one strike (§§ 211, 667, subd. (d), 1170.12, subd. (b)).

Defendant entered a guilty plea to count one and admitted the alleged theft-related priors in return for the dismissal of the strike allegation and an agreed sentence of three years in state prison.

The factual basis stated by the prosecutor at the change of plea hearing was as follows:  On August 23, 2012, defendant entered a J.C. Penney store in Stockton, took $2,500 in merchandise, and left without paying.  He had been convicted and served prison terms for grand theft (§ 497), robbery (§ 211), and burglary (§ 459).

The trial court imposed the agreed-upon three-year prison sentence.  The court awarded defendant 16 days of presentence custody credits (8 days actual credits and 8 days conduct credits).  The court orally imposed (without stating the statutory bases) a "fine [of] $334, collectible by the Department of Corrections" and "a $240 parole revocation fine, which is stayed."

The abstract of judgment shows the following fees and fines:  a $240 restitution fine (§ 1202.4, subd. (b)), a $240 restitution fine suspended unless parole is revoked (§ 1202.45), a $40 court operations assessment (§ 1465.8), a $30 conviction assessment (Gov. Code, § 70373), and a "$24 SURCHARGE" (statutory basis unspecified).  It does not mention the $334 fine imposed orally by the trial court.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and

---

[1] Undesignated statutory references to the Penal Code.

determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

However, we note irregularities related to the oral pronouncement of judgment and the abstract of judgment. While the trial court did not specify the statutory basis for the $334 fine it orally imposed, we note that $334 is the total amount of the fines, assessments and surcharges set forth in the abstract of judgment, and the statutory bases for each of those items is set forth in the abstract, except the "$24 SURCHARGE."

This court has previously held that trial courts have a duty to recite all fees and fines, including their statutory bases, on the record at sentencing. (*People v. High* (2004) 119 Cal.App.4th 1192, 1200-1201.) Nonetheless, with the exception of the $24 assessment, the statutory bases for the other items are set forth in the abstract. (See *High*, *supra*, 119 Cal.App.4th at p. 1200 [All fines and fees must be set forth in the abstract of judgment so the Department of Corrections and Rehabilitation can fulfill its statutory duty to collect and forward deduction from prisoner wages, and because the abstract can assist state and local agencies in their collection efforts].) As for the statutory basis for the unspecified "$24 SURCHARGE," it is labeled in the sentencing minute order as "ADMINISTRATIVE SURCHARGE FOR RESTITUTION FINE - RESTITUTION FUND COLLECTION FEE." This is apparently a reference to the 10 percent administrative surcharge authorized under section 1202.4, subdivision (*l*).[2] This

---

[2] Section 1202.4, subdivision (*l*) provides: "At its discretion, the board of supervisors of a county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to

court has previously held that this surcharge must be imposed to reimburse the county for the administrative cost of collecting the restitution fine, even when a defendant is sentenced to prison. (*People v. Robertson* (2009) 174 Cal.App.4th 206, 211.) The abstract shall be corrected to include the statutory basis for the administrative surcharge.

## DISPOSITION

The trial court is ordered to correct the abstract of judgment to state that the statutory basis for the administrative surcharge is section 1202.4, subdivision (*l*) and forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation. The judgment is affirmed.


    MURRAY    , J.


We concur:


    NICHOLSON    , Acting P. J.


    DUARTE    , J.

---

the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county."