Filed 3/6/15  P. v. Trujillo CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H040865 |
| Plaintiff and Respondent, | (Santa Clara County Super. Ct. No. C1360776) |
| v. | |
| MICHAEL JAMES TRUJILLO, | |
| Defendant and Appellant. | |

## I.  INTRODUCTION

Defendant Michael James Trujillo pleaded no contest to possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)), misdemeanor possession of burglar's tools (Pen. Code, § 466),[1] and misdemeanor possession of controlled substance paraphernalia (former Health & Saf. Code, § 11364.1).  He also admitted that he had served four prior prison terms (§ 667.5, subd. (b)).  The trial court found that defendant had one prior strike (§§ 667, subds. (b)-(i), 1170.12).  After granting defendant's *Romero* motion,[2] the court sentenced defendant to two years in prison and ordered him to pay a restitution fine of $240 plus an administrative fee of 10 percent for a total of $264.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

On appeal, defendant contends that the 10 percent administrative fee, or $24, is unauthorized and should be stricken. For reasons that we will explain, we will affirm the judgment but order the correction of clerical errors in the sentencing minutes and the abstract of judgment.

## II. BACKGROUND

In 2013, defendant was charged by complaint with possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 1), possession of burglar's tools (§ 466; count 2, a misdemeanor), and possession of controlled substance paraphernalia (former Health & Saf. Code, § 11364.1; count 3, a misdemeanor). The complaint further alleged that he had a prior strike (§§ 667, subds. (b)-(i), 1170.12), and that he had served four prior prison terms (§ 667.5, subd. (b)).

In January 2014, defendant pleaded no contest to all three counts and admitted that he had served four prior prison terms. Defendant waived his right to a jury trial on the issue of whether he had a prior strike.

On March 14, 2014, the trial court found that defendant had a prior conviction that qualified as a strike. Upon defendant's oral *Romero* motion, the court struck the strike. The court sentenced defendant to two years in prison for the felony count and imposed and then stayed the one-year punishment for each of his four prison priors. The court ordered concurrent 180-day terms for the misdemeanor counts. The court also ordered defendant to pay various amounts, including a restitution fine of $240 plus an administrative fee of 10 percent for a total of $264. The minutes from the sentencing hearing and the abstract of judgment, however, reflect a total restitution fine of $254.

## III. DISCUSSION

Defendant contends that the 10 percent administrative fee, or $24, added by the trial court to the restitution fine is unauthorized when a defendant, such as him, is sentenced to prison. He argues that when a defendant is placed on probation and ordered to pay a restitution fine as a condition of probation, the county is entitled to recover its

2

administrative costs of collecting the fine pursuant to section 1202.4, subdivision (*l*). According to defendant, when a person is sentenced to prison, the restitution fine is collected by the Department of Corrections and Rehabilitation from the prisoner's trust account (see § 2085.5, subd. (a)), and therefore the county will not incur any costs in collecting the fine from a defendant sentenced to prison. Defendant further contends that he has not waived his challenge to the administrative fee by failing to raise it below.

The Attorney General contends that defendant has waived his claim by failing to object in the trial court. The Attorney General further contends that the court properly imposed the fee.

Without deciding whether defendant has forfeited his claim by failing to raise it below, we determine that defendant fails to establish that the administrative fee is unauthorized in this case.

Section 1202.4, subdivision (b) provides for the imposition of restitution fine in every case where a person is convicted of a crime. Subdivision (*l*) of section 1202.4 authorizes the imposition of an administrative fee as follows: "At its discretion, the board of supervisors of a county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county."

Section 2085.5, subdivision (a) states in relevant part: "In any case in which a prisoner owes a restitution fine imposed pursuant to . . . subdivision (b) of Section 1202.4, the Secretary of the Department of Corrections and Rehabilitation shall deduct a minimum of 20 percent or the balance owing on the fine amount, whichever is less, up to a maximum of 50 percent from the wages and trust account deposits of a prisoner, unless prohibited by federal law, and shall transfer that amount to the California Victim Compensation and Government Claims Board for deposit in the Restitution Fund

3

in the State Treasury.  The amount deducted shall be credited against the amount owing on the fine.  The sentencing court shall be provided a record of the payments."

Defendant argues that the administrative fee in subdivision (*l*) of section 1202.4 may not be added to the restitution fine in his case because the county will not incur any collection costs with respect to the ordered restitution fine.  Defendant's argument is based on the collection costs specific to his case.  However, consideration of the particular collection costs in an individual defendant's case is inconsistent with the statutorily-provided procedure for adding an administrative fee to a restitution fine.  Pursuant to subdivision (*l*) of section 1202.4, when a county board of supervisors has imposed the administrative fee, the trial court must add the administrative fee to the restitution fine at the time of sentencing.  The statute does not require proof in an individual case that the county will incur collection costs or the amount of those costs before the trial court orders the administrative fee.  The trial court must order the fee at the time of the defendant's sentencing, which is necessarily before the county has incurred any collection costs as to a defendant's restitution fine.

Further, although section 2085.5, subdivision (a) requires that the Department of Corrections and Rehabilitation deduct a percentage "from the wages and trust account deposits of a prisoner" and that the amount be credited against the restitution fine, defendant fails to show that this is the only means by which the restitution fine may be collected once a defendant is sentenced to prison, or that a county will otherwise be uninvolved in collecting the restitution fine for a defendant sentenced to prison.  Defendant also does not identify a statutory exemption barring the trial court from adding an administrative fee pursuant to section 1202.4, subdivision (*l*) where a defendant is sentenced to prison.  Consequently, based on the limited legal authority cited by defendant, and in the absence of evidence presented below regarding, for example, the circumstances of the county's collection of restitution fines, we are not persuaded by defendant's contention that a prison sentence necessarily precludes restitution fine

4

collection costs or an administrative fee under section 1202.4, subdivision (*l*) by the county.

Finally, we observe that defendant does not dispute that the Santa Clara County Board of Supervisors has imposed a 10 percent administrative fee under subdivision (*l*) of section 1202.4. Pursuant to this subdivision, we determine that the trial court was authorized to order defendant to pay an administrative fee of $24 on the $240 restitution fine. (See *People v. Robertson* (2009) 174 Cal.App.4th 206, 210 [stating that § 1202.4, subd. (*l*) "clearly and unambiguously provides for a 10 percent administrative fee to be imposed on any 'restitution fine' ordered pursuant to section 1202.4, subdivision (b)"].) We will therefore order the minutes from the sentencing hearing and the abstract of judgment, both of which reflect a total restitution fine of $254 rather than $264, corrected accordingly.

## IV.  DISPOSITION

The judgment is affirmed. The minutes of the March 14, 2014 sentencing hearing and the abstract of judgment are ordered corrected to reflect that the restitution fine of $240 plus the administrative fee of 10 percent under Penal Code section 1202.4 totals $264. The clerk of the superior court is ordered to send a copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

_____
BAMATTRE-MANOUKIAN, ACTING P.J.


WE CONCUR:




_____
MIHARA, J.




_____
MÁRQUEZ, J.