Filed 5/10/16  P. v. Mayfield CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D069657 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FWV1401417) |
| JUNE MAYFIELD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Gerard S. Brown, Judge.  Affirmed as modified.

Robert L.S. Angres, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant June Mayfield was convicted by a jury of one count of resisting an executive officer (Pen. Code, § 69)[1] and, in a bifurcated proceeding, the court found true three allegations that Mayfield had suffered prior prison convictions within the meaning of section 667.5, subdivision (b). The court sentenced Mayfield to the upper term of three years for the underlying conviction and three additional one-year terms for each of the prior conviction allegations, along with various fines and probation conditions. On appeal, Mayfield asks this court to independently review the trial court's ruling on his *Pitchess*[2] motion for error, and also challenges various aspects of his sentence.

I

FACTS

A. Prosecution Case

On February 27, 2014, two deputy sheriffs working for the San Bernardino County Sheriff's Office (Deputies Cabrera and Macias) were transporting prisoners, including Mayfield, on a bus headed for the West Valley Detention Center. Mayfield was wearing specialized clothing and was placed in a special "cage" on the bus because he had been classified as exhibiting unstable or assaultive behavior. During the ride, Mayfield was verbally disruptive and he disregarded orders to stay quiet. The orders instead only increased Mayfield's agitation. Mayfield told Macias several times during the ride to wait until his handcuffs were off because then Mayfield would kick his ass.

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

[2]     *Pitchess* v. *Superior Court* (1974) 11 Cal.3d 531.

2

When Macias removed Mayfield from the cage and took him off the bus, Mayfield resisted Macias's efforts to guide him to the West Valley Detention Center and instead attacked him. Another deputy, Deputy Patella, came to Macias's aid while Cabrera went to summon help. The struggle was intense and officers finally used Tasers on Mayfield. The deputies were finally able to subdue him.

B. Defense Version

Mayfield testified he spoke to a female inmate passenger on the bus, but Macias told him to "shut the fuck up," and Mayfield replied in kind. Macias then warned Mayfield that, when they got back to the cell, "I'm going to skull fuck the shit out of you." Mayfield was then quiet for the rest of the trip.

Mayfield testified that, as he was getting off the bus, Macias grabbed him and he believed Macias was going to push him down the stairs. Once outside the bus, Macias and a deputy Bradshaw[3] attacked and repeatedly struck Mayfield. He tried to move away from his attackers but deputies used Tasers on him and beat him.

ANALYSIS

A. The *Pitchess* Claim

Prior to trial, Mayfield filed a motion under *Pitchess* seeking discovery of personnel information for deputies Macias, Patella and Cabrera relating to allegations of excessive use of force, racial bias, and fabrication of evidence or charges. The trial court

---

[3]    On rebuttal, evidence was introduced that no deputy named Bradshaw worked in that division.

3

found good cause to hold an in camera hearing as to Macias only, and held that hearing. (See *Warrick v. Superior Court* (2005) 35 Cal.4th 1011, 1019 ["[i]f the trial court finds good cause for the discovery, it reviews the pertinent documents in chambers and discloses only that information falling within the statutorily defined standards of relevance"].)  After reviewing the personnel records in camera, the court ruled there were no discoverable records in the file.  Mayfield now asks this court to independently review the hearing and the records for error, and the People do not oppose that request.

On appeal, this court is required to examine the materials in camera and determine whether the trial court abused its discretion in refusing to disclose the contents of the officers' personnel files.  (*People v. Hughes* (2002) 27 Cal.4th 287, 330; *People v. Mooc* (2001) 26 Cal.4th 1216, 1229.)  We have examined the personnel records in camera and conclude the trial court did not abuse its discretion in finding there were no records in the file responsive to Mayfield's motion.

B. The "Prison Prior" Claim

Mayfield contends the court erred when it added a one-year term for a "prison prior" for the term he was to serve for his conviction in case No. FSB1304811 because, at the time of the present offense, he had not completed (or indeed even begun serving) any prison term for that conviction.[4]  The People concede, and we agree, that it was error to impose a term for a "prison prior" in connection with his conviction in case

---

4    Mayfield was on probation for his conviction in case No. FSB1304811 at the time of the instant offense, and he was not sentenced to county jail for that offense until April 10, 2014, after the present offense.

4

No. FSB13048113.  (See *People v. Weeks* (2014) 224 Cal.App.4th 1045, 1051 [where defendant had not completed his prison term for the prior offense at time new offenses took place, it is error to find prior offense constituted a prison prior under § 667.5, subd. (b)].)  The trial court on remand shall strike the term imposed under section 667.5, subdivision (b), in connection with Mayfield's conviction in case No. FSB1304811.

 C. <u>The Restitution Fine Claim</u>

 Mayfield challenges the addition of a $30 surcharge contained in the minute order of the court because, although the $300 restitution fine on which the surcharge was calculated was imposed by the court's oral pronouncement of sentence, the surcharge was not separately mentioned in the court's oral pronouncement of sentence.  He contends the minute order prepared by the court clerk unilaterally included this additional surcharge and asserts that, because the oral pronouncement of a sentence controls over the minute order, the surcharge must be stricken.

 Section 1202.4, subdivision (b), provides: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record," and subdivision (e) of that section provides that the restitution fine imposed pursuant to subdivision (b) "shall be deposited in the Restitution Fund in the State Treasury."  Section 1202.4, subdivision (*l*), then provides, "At its discretion, the board of supervisors of any county may impose a fee to cover the actual administrative cost of collecting the restitution fine, not to exceed 10 percent of the amount ordered to

be paid, to be added to the restitution fine and included in the order of the court, the proceeds of which shall be deposited in the general fund of the county."

The statutory language contemplates that, once the board of supervisors has exercised the discretion granted to them by section 1202.4, subdivision (*l*), to impose the 10 percent administrative fee, the surcharge is "to be added to the restitution fine and included in the order of the court."  Although section 1202.4, subdivision (b), provides a trial court with discretion to decline to impose *any* restitution fine, once it has elected to impose the fine, we interpret section 1202.4, subdivision (*l*), as statutorily obligating the trial court to follow the direction of the board of supervisors[5] and add that administrative fee to the restitution fine imposed.  (Cf. *People v. Robertson* (2009) 174 Cal.App.4th 206, 210.)

Because a trial court's failure to add a mandatory administrative fee would result in an unauthorized sentence subject to correction on appeal (see, e.g., *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157; cf. *People v. Smith* (2001) 24 Cal.4th 849, 852), we see no impediment to a trial court adding it to the minute order rather than waiting to have the order corrected on appeal.  Addition of the surcharge to the minute order was not prejudicial error.

---

5    There has been no suggestion in this case that San Bernardino County's board of supervisors has *not* elected to impose an administrative fee of 10 percent to cover its administrative cost of collecting restitution fines pursuant to section 1202.4, subdivision (*l*).

D. <u>Challenges to Probation Conditions</u>

Mayfield attacks numerous probation conditions imposed by the court.[6]

*The Explosives Condition* (*Condition 10*)

A condition of Mayfield's probation, as imposed by the court, was that he not "possess nor have under your control any deadly weapons or explosive devices *or material to make explosive devices*." (Italics added.) Mayfield argues the italicized language of that condition is unconstitutionally vague because he cannot reasonably know what items are barred by that condition; it could encompass ordinary tools (such as pliers or screwdrivers) that could be employed to construct an explosive device, or other ordinary items (such as clocks, wires, batteries, etc.) that could be a component of an explosive device. He asserts the condition should be modified to narrow the condition to ban possession or control "of any deadly weapons or explosive devices."

The People agree this court may modify a mandatory supervision condition so that it conforms to law (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752-753), and agree the condition should be modified, but asserts the proper language should narrow the condition to ban possession or control "of any deadly weapons or explosive devices or explosive materials." We agree the People's proposed language provides adequate notice of the thrust of conduct that is properly proscribed, and will adopt that language to modify Condition 10.

---

[6]     The court imposed a six-year term but ordered that Mayfield serve the last three years of the term on mandatory supervision subject to various terms and conditions of probation.

7

*The Gang Conditions* (*Conditions 18, 26 and 28*)

Mayfield asserts that Conditions 18, 26 and 28, which involve various proscriptions on gang associations or conduct, are unconstitutionally vague because the term "gang" is undefined and could encompass "benign connotations." (*People v. Lopez* (1998) 66 Cal.App.4th 615, 631.) The People agree with Mayfield, and submit that the solution approved by the court in *In re Victor L.* (2010) 182 Cal.App.4th 902 cures the problem of vagueness. In *Victor L.*, the court rejected a claim that the language of the conditions concerning "gang" associations and activities could preclude "benign" activities because the condition "include[d] a clause specifying that a 'gang' 'mean[s] a criminal street gang as defined in Penal Code section 186.22[, subdivision] (f)," and the *Victor L.* court concluded this definition clarified that the probationer "need not worry about attending a Rotary Club meeting or an Eagle Scout campout." (*Id*. at p. 914.) We agree that *Victor L.'s* solution provides Mayfield with adequate notice of the proscribed conduct and therefore direct that the terms and conditions of probation shall be modified as described in *Victor L.*

*The "Stay Away" Condition* (*Condition 27*)

Mayfield asserts that Condition 27, which requires him to stay one block away from schools, is invalid because it does not contain a scienter requirement and therefore he could violate that condition by unknowingly entering the proscribed radius. We agree with the analysis of the court in *People v. Patel* (2011) 196 Cal.App.4th 956:

> "Since at least 1993, appellate courts have issued opinions consistently holding that conditions of probation must include scienter requirements to prevent the conditions from being

8

overbroad. [Citations.] However, with dismaying regularity, we still must revisit the issue in orders of probation, either at the request of counsel or on our own initiative. The latter in particular is a drain on the public fisc that could be avoided if the probation departments at fault would take greater care in drafting proposed probation orders. [¶] . . . [T]here is now a substantial uncontradicted body of case law establishing, as a matter of law, that a probationer cannot be punished for presence, possession, association, or other actions absent proof of scienter. . . . [Citations.] We also do not discern how addressing this *specific* issue on a repetitive case-by-case basis is likely to dissuade a probation officer inclined to act in bad faith from finding some *other* basis for harassing an innocent probationer. As a result, we reject the conclusions reached in [*Victor L., supra*, 182 Cal.App.4th 902 and *People v. Garcia* (1993) 19 Cal.App.4th 97], and now give notice of our intent to henceforth no longer entertain this issue on appeal, whether at the request of counsel or on our own initiative. We construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It will no longer be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement." (*Id*. at pp. 960-961, fn. omitted.)

In the interests of fiscal and judicial economy, and to avoid the repetitive nature of this appellate issue, we follow *Patel* and will "construe every probation condition proscribing a probationer's presence, possession, association, or similar action to require the action be undertaken knowingly. It will no longer be necessary to seek a modification of a probation order that fails to expressly include such a scienter requirement." (*Ibid*.) It is unnecessary to add any explicit scienter language to those conditions of Mayfield's probation that proscribe his presence, possession, association, or similar actions.

*The Payment Conditions* (*Conditions 14, 15 and 32*)

Conditions 14, 15 and 32 impose on Mayfield certain obligations as conditions of his mandatory supervision. Mayfield does not challenge the obligations themselves, but

9

only those portions of conditions 14, 15 and 32 requiring him to pay the costs associated with those obligations. The People concede a court cannot require a defendant to pay for the costs of mandatory supervision and, as an unauthorized sentence, concede those clauses must be stricken. (*People v. Ghebretensae* (2013) 222 Cal.App.4th 741, 763-767; *People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1418.) We agree with the People and direct those clauses be stricken.

## DISPOSITION

The judgment of conviction is affirmed. On remand, the court shall modify Mayfield's sentence as follows: the court shall strike the term imposed under section 667.5, subdivision (b), in connection with his conviction in case No. FSB1304811. The court shall also modify Condition 10 of the conditions of probation to require that Mayfield not "possess nor have under your control any deadly weapons or explosive devices or explosive materials." The court shall also modify the conditions of probation to include a statement that "the term 'gang' as used herein means a criminal street gang as defined in Penal Code section 186.22[, subdivision] (f)." Conditions 14, 15 and 32 shall be modified to strike the requirement that Mayfield pay the costs associated with the obligations imposed by those conditions. As so modified, the sentence is affirmed.

10

 

                                             _____

                                                          McDONALD, J.

WE CONCUR:


_____

                     BENKE, Acting P. J.


_____

                          IRION, J.