Filed 7/26/22 P. v. Potts CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B314733 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA094029) |
| v. | |
| TIMOTHY POTTS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County. Scott T. Millington, Judge. Reversed and remanded with directions.

Jason A. Lieber, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

This appeal concerns a 10 percent administrative assessment on a $300 restitution fine. At the time defendant and appellant Timothy Potts was convicted and sentenced, the trial court imposed a $300 restitution fine pursuant to Penal Code section 1202.4, subdivision (b).[1] Also at that time, section 1202.4, subdivision (*l*), statutorily obligated the trial court to impose a 10 percent administrative fee on that fine.

Effective January 1, 2022, as the People agree, such administrative fees are no longer permitted and any unpaid amount must be vacated from the judgment. Despite this concession, the People oppose defendant's request on appeal to vacate the 10 percent administrative fee, raising procedural objections. We are not convinced by the People's contentions. Thus, we reverse the trial court's order denying defendant's request concerning his restitution fine with directions to vacate the 10 percent assessment imposed pursuant to former section 1202.4, subdivision (*l*).

## PROCEDURAL BACKGROUND

In 2017, a jury convicted defendant of one count of injuring a girlfriend (§ 273.5, subd. (f)(2)) and six counts of attempting to dissuade a witness (§ 136.1, subd. (a)(2)). The trial court also found true that defendant had suffered two prior "strike" convictions (§§ 667, subds. (b)-(j), 1170.12), served five prior prison terms (§ 667.5, subd. (d)), and suffered two serious felony convictions (§ 667, subd. (a)(1)). (*People v. Potts* (May 3, 2019), B290757 [nonpub. opn.], p. 2.) He was sentenced to a prison term

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

2

of 35 years to life, plus a determinate term of eight years eight months. (*Ibid*.)

Defendant appealed, and on May 3, 2019, we affirmed the judgment and remanded the matter for resentencing to allow the trial court to exercise its discretion to strike one or both of defendant's serious felony enhancements pursuant to Senate Bill No. 1393. (*People v. Potts*, *supra*, B290757 [nonpub. opn.], at p. 3.)

On remand, the trial court declined to strike either enhancement. Defendant again appealed, arguing that the trial court erroneously denied his request to reconsider his motion pursuant to *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497). We again affirmed the judgment. (*People v. Potts* (Jan. 19, 2021), B303966 [nonpub. opn.].)

Before the Court of Appeal issued its 2021 opinion, it appears that the trial court vacated the June 1, 2018, sentence, and on July 14, 2020, resentenced defendant based upon a letter from the California Department of Corrections and Rehabilitation. The trial court again sentenced defendant to 35 years to life, plus eight years eight months. The trial court also imposed a $300 restitution fine pursuant to section 1202.4, subdivision (b). The trial court's order is silent regarding the then statutorily mandated 10 percent administrative fee on the restitution fine.

On August 3, 2021, defendant wrote a letter to the trial court asking that it order that any deductions from his trust account be satisfied from funds that he earned in prison, rather than from funds deposited into his account by family members. That same day, the trial court denied his request.

Defendant timely filed a notice of appeal. He argues that because the Legislature changed the Penal Code effective January 1, 2022, to eliminate the 10 percent administrative fee

3

assessed on the restitution fine, we should vacate that portion of the judgment.

## DISCUSSION

I. *Relevant law*

At the time of defendant's sentencing hearing, section 1202.4, subdivision (*l*), statutorily obligated a trial court to add a 10 percent administrative fee to the restitution fine imposed. (See *People v. Robertson* (2009) 174 Cal.App.4th 206, 210.) Effective January 1, 2022, section 1202.4, subdivision (*l*), was eliminated; a trial court can no longer assess a 10 percent administrative fee in connection with a restitution fine, and any unpaid portion of a fee previously imposed must be vacated. (*People v. Clark* (2021) 67 Cal.App.5th 248, 257; *People v. Lopez-Vinck* (2021) 68 Cal.App.5th 945, 950.)

II. *Analysis*

Pursuant to the foregoing, the 10 percent administrative fee assessed on the $300 restitution fine must be vacated. The People do not seem to disagree; rather, they raise three procedural arguments in support of their claim that the trial court's order should be affirmed. We address each in turn.

A. <u>Forfeiture</u>

First, the People argue that defendant's contention on appeal has been forfeited because he did not raise it in the trial court. Although we agree that defendant did not sufficiently raise this issue in his August 2021 letter, we exercise our discretion to reach the merits of this issue. (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) At the time defendant filed his August 2021 letter, amended section 1202.4 was not effective. Moreover, the issue presented is straight-forward statutory interpretation, and the parties agree that the 10 percent administrative fee must be

4

vacated. Were we to base our decision solely on forfeiture, defendant presumably would file another request concerning this assessment in the trial court, further burdening the already overworked trial courts.

B. Assessment was imposed

Almost in passing, the People assert that the administrative fee was never imposed; thus, the issue is moot. We cannot agree. Admittedly the trial court's order is silent regarding the 10 percent administrative fee. But, as the People point out in their respondent's brief, that fee was mandatory. There is no reason for us to assume that it was not imposed and/or that it would not have been collected.

C. Mootness

Finally, the People assert that because the administrative fee has been eliminated, the appeal is moot. Again, we disagree. As the cases cited in the respondent's brief make clear, any unpaid portion of a previously imposed fee must be vacated (*People v. Clark, supra,* 67 Cal.App.5th at p. 257; *People v. Lopez-Vinck, supra,* 68 Cal.App.5th at p. 950); the fee is not vacated by operation of law.

5

## DISPOSITION

The order is reversed. The matter is remanded to the trial court with directions to vacate the 10 percent administrative fee imposed pursuant to former section 1202.4, subdivision (*l*).

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, Acting P. J.
ASHMANN-GERST

We concur:

_____, J.
CHAVEZ

_____, J.
HOFFSTADT

6